IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDAN HEATH, | ) | |
| Plaintiff, | ) | C.A. No. 13-282 Erie |
| | ) | |
| v. | ) | Chief Judge Conti |
| | ) | Magistrate Judge Baxter |
| C/O GEORGE EDWARD WHIPPLE, | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for preliminary injunction and/or temporary restraining order [ECF No. 6] be denied.

### II. REPORT

#### A. Relevant Procedural and Factual History

Plaintiff Jordan Heath, an inmate at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), has filed a motion for preliminary injunction and/or temporary restraining order, seeking an Order enjoining Defendant from interfering with his "Kosher meals, mail, personal property, self" [ECF No. 6]. This Court held a telephone hearing on Plaintiff's motion on November 12, 2013, during which the Court heard testimony.

Plaintiff testified that he was not getting all of his kosher meals, and that the meals were always the same, consisting of peanut butter, vegetables, and fruit. In addition, Plaintiff stated that his mail delivery has been sporadic and that he has not received any mail from his parents in response to his letters, which he found unusual. In response, Defendant's counsel offered the testimony of Mr. Becker, the dietary manager at SCI-Albion, and Lt. Gunther, a corrections officer at SCI-Albion. Mr. Becker testified that Plaintiff has been getting all of his kosher meals, which are prepared the same way for all inmates who receive them. Lt. Gunther testified that the

mail log for the past three months shows that Plaintiff's mail has not been withheld for any reason.

### B. Standard of Review

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). Where the requested preliminary injunction "is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir.1980); see also Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994). Indeed, "[m]andatory injunctions should be used sparingly," and only when the status quo is one of action that will inflict irreparable injury on the movant. United States v. Price, 688 F.2d 204, 212 (3d Cir.1982). A preliminary injunction is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993).

The four factors that must be shown for the issuance of a preliminary injunction are: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the non-moving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticello, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F. 3d 139, 147 (3d Cir. 2010). However, if the record does not at least support a finding of **both** irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." Ortho Biotech Products, L.P. v. Amgen Inc., 2006 WL 3392939 at *5 (D.N.J.) quoting Apollo Tech Corp. v. Centrosphere Indus. Corp., 805

F.Supp. 1157, 1205 (D.N.J. 1992). In fact, irreparable injury is the key: "irreparable injury must be present for a preliminary injunction to issue." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989). See also In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982)("a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction").

### C. Discussion

Here, Plaintiff has failed to meet his burden of showing either immediate irreparable injury or a likelihood of success on the merits. First, although Plaintiff complains that he has not been getting all of his kosher meals, the evidence and testimony offered by Mr. Becker indicate otherwise. Nonetheless, even if Plaintiff could prove that he has not received all of his meals, this fact alone would not be sufficient to establish immediate irreparable harm. Second, Plaintiff's allegation that his mail has been withheld is purely speculative, based upon Plaintiff's belief that his parents sent him mail in response to his letters. Lt. Gunther's testimony that the mail log shows that Plaintiff's mail has not been withheld effectively rebuts Plaintiff's speculative claim.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for preliminary injunction and/or temporary restraining order [ECF No. 6] be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d

Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: November 21, 2013

cc: The Honorable Joy Flowers Conti
Chief United States District Judge