IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDAN HEATH, | ) | |
|     Plaintiff, | ) | C.A. No. 13-282 Erie |
| | ) | |
|     v. | ) | Chief Judge Conti |
| | ) | Magistrate Judge Baxter |
| C/O GEORGE EDWARD WHIPPLE, | ) | |
|     Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that Plaintiff's motions for preliminary injunction and/or temporary restraining order [ECF Nos. 39, 41, and 42] be denied.

### II.    REPORT

#### A.    Relevant Procedural and Factual History

Plaintiff Jordan Heath, an inmate at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this *pro se* civil rights action on September 9, 2013, claiming that his Due Process rights were violated in connection with criminal charges that were allegedly filed against him by Defendant George Whipple, a corrections officer at SCI-Albion.

Recently, Plaintiff filed three separate motions for a preliminary injunction and/or temporary restraining order. The first [ECF No. 39] seeks an Order requiring the medical staff at SCI-Albion to place him back on his "mental health medications." The second [ECF No. 41] asks the Court to issue an Order requiring SCI-Albion staff to give him access to his legal materials. The third [ECF No. 42] seeks an Order enjoining SCI Albion staff from interfering with his mail. A telephone hearing on all three motions was held before the Court on February 28, 2014, during which Plaintiff was given the opportunity to explain his need for the requested relief.

With regard to his first motion [ECF No. 39], Plaintiff stated that he was taking the same medications for five years, but, after being evaluated at SCI-Camp Hill, it was determined that he no longer needed the medications. He states that he has since had trouble sleeping and feels agitated. With regard to his legal materials [ECF No. 41], Plaintiff stated that he had been given an exemption for a third box of legal materials before he left for SCI-Camp Hill and that, upon his return to SCI-Albion on February 18, he has had difficulty obtaining his materials. Plaintiff acknowledged, however, that he has no deadlines pending in this case for which the materials are needed to meet. With regard to the issue with his mail [ECF No. 42], Plaintiff stated that an envelope containing a single piece of legal mail had writing on it indicating "return to sender, refused, unable to forward" because it apparently arrived at SCI-Albion while he was at SCI-Camp Hill. Plaintiff indicated that the envelope also appeared to have been opened by someone at either SCI-Camp Hill or SCI-Albion. Nonetheless, Plaintiff acknowledged that he eventually received the piece of mail.

### B. Standard of Review

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). Where the requested preliminary injunction "is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir.1980); see also Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994). Indeed, "[m]andatory injunctions should be used sparingly," and only when the status quo is one of action that will inflict irreparable injury on the movant. United States v. Price, 688 F.2d 204, 212 (3d Cir.1982). A preliminary injunction is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993).

The four factors that must be shown for the issuance of a preliminary injunction are: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the non-moving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticello, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F. 3d 139, 147 (3d Cir. 2010). However, if the record does not at least support a finding of **both** irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." Ortho Biotech Products, L.P. v. Amgen Inc., 2006 WL 3392939 at *5 (D.N.J.) quoting Apollo Tech Corp. v. Centrosphere Indus. Corp., 805 F.Supp. 1157, 1205 (D.N.J. 1992). In fact, irreparable injury is the key: "irreparable injury must be present for a preliminary injunction to issue." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989). See also In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982)("a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction").

### C. Discussion

Here, Plaintiff has failed to meet his burden of showing either immediate irreparable injury or a likelihood of success on the merits on any of his three motion. First, none of the issues raised in any of Plaintiff's motions is relevant to the claim raised in this case. In addition, Plaintiff has not grieved any of the issues in accordance with SCI-Albion's administrative procedures and, thus, the issues have not been properly exhausted. For these reasons, Plaintiff has failed to demonstrate a likelihood of success on the merits. More significantly, Plaintiff has failed to show that any of the issues are likely to cause immediate irreparable injury if injunctive relief is not granted. Thus, Plaintiff's motions should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motions for preliminary injunction and/or temporary restraining order [ECF Nos. 39, 41, and 42] be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: February 28, 2014

cc: The Honorable Joy Flowers Conti
Chief United States District Judge