IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDAN HEATH,<br>    Plaintiff | )<br>)<br>) | C.A. No. 13-282 Erie |
| v | )<br>) | Chief Judge Conti<br>Magistrate Judge Baxter |
| GEORGE E. WHIPPLE,<br>    Defendant | )<br>) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that Defendant's motion to dismiss [ECF No. 30] be granted and that this case be dismissed.

### II.    REPORT

#### A.    Relevant Procedural History

On September 9, 2013, Plaintiff Jordan Heath, an inmate formerly incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest")[1], filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant George E. Whipple, a corrections officer at SCI-Forest. [ECF No. 3].

In his complaint, Plaintiff alleges that on June 1, 2010, Defendant issued a misconduct against him for assaulting a corrections employee, without providing him notice or giving him *Miranda* warnings. Plaintiff alleges further that he was not given a hearing on the misconduct,

---

[1] Plaintiff is currently incarcerated at the State Correctional Institution at Camp Hill, Pennsylvania. [ECF No. 57].

nor was he provided a chance to appeal. (See ECF No. 3, Complaint, at Section IV.C). As relief, Plaintiff seeks to recover monetary damages, or a "commendation of choice" (Id. at Section VI).

On December 19, 2013, Defendant filed a motion to dismiss [ECF No. 30], arguing, *inter alia*, that Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff has since filed a declaration and a brief in opposition to Plaintiff's motion (ECF Nos. 34 and 35, respectively). This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations.

Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

Defendant asserts, *inter alia*, that Plaintiff's claims are barred by the applicable statute of limitations and should, therefore, be dismissed. The Court agrees.

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state

statute of limitations for personal injury claims to determine the applicable limitations period. Sameric Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998)(internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two-year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued. See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996). Furthermore, a claim under § 1983 accrues when the plaintiff "knew or should have known of the injury upon which [his] claim is based." Sameric, 142 F.3d at 599.

Here, Plaintiff's original Complaint was filed on September 9, 2013; however, it was apparently signed by Plaintiff on 28 Elul 5770 (September 3, 2013). Thus, for purposes of applying the statute of limitations, this Court will treat September 3, 2013, as the relevant filing date pursuant to the prison mailbox rule. See Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa.Super. 2001), citing Commonwealth v. Little, 716 A.2d 1287 (Pa.Super. 1998)(in determining the date upon which a prisoner's pleading is filed, Pennsylvania applies the prison mailbox rule, which provides that the "date of delivery of [the pleading] by the [inmate] to the proper prison authority or to a prison mailbox is considered the date of filing of the [pleading]"). Accordingly, any claim concerning an injury of which Plaintiff "knew or should have known" prior to September 3, 2011, is barred by the statute of limitations.

All of Plaintiff's claims arise from the misconduct that Defendant filed against him on June 1, 2010, which is well beyond the reach of the two-year statutory limitations period. Plaintiff's argument that he was unaware of the issuance of the misconduct and was not notified

of the misconduct until after he was released from the SMU program on October 5, 2012, is belied by the disciplinary hearing report related to said misconduct, dated June 9, 2010, which indicates that Plaintiff participated at the hearing by video conference and pleaded not guilty. (ECF No. 30-1 at p. 5). As a result, Defendant's motion to dismiss should be granted, and Plaintiff's complaint should be dismissed.[2]

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss [ECF No. 30] be granted and that this case be dismissed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

                                                           /s/ Susan Paradise Baxter
                                                           SUSAN PARADISE BAXTER
                                                           United States Magistrate Judge

Dated: July 28, 2014
cc:     The Honorable Joy Flowers Conti
         Chief United States District Judge

---

[2] Because this Court has concluded that Plaintiff's claims are untimely, there is no need to address Defendant's alternative arguments that Plaintiff has failed to state a claim upon which relief may be granted.