IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDAN HEATH, | ) | |
| Plaintiff, | ) | C.A. No. 13-282 Erie |
| | ) | |
| v. | ) | Chief Judge Conti |
| | ) | Magistrate Judge Baxter |
| C/O GEORGE EDWARD WHIPPLE, | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that Plaintiff's motions for temporary restraining order and/or preliminary injunction [ECF Nos. 62 and 63] be denied.

**II.    REPORT**

**A.    Relevant Procedural and Factual History**

Plaintiff Jordan Heath, an inmate formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"),[1] filed this *pro se* civil rights action on September 9, 2013, claiming that his Due Process rights were violated in connection with criminal charges that were allegedly filed against him by Defendant George Whipple, a corrections officer at SCI-Albion. On July 14, 2014, Plaintiff filed two motions for temporary restraining order and/or preliminary injunction: the first seeks an Order requiring the staff at SCI-Camp Hill to provide him with extra boxes of legal materials in accordance with the exemption he obtained from the institution [ECF No. 62]; and the second seeks an Order enjoining staff from interfering with his legal mail and his receipt of religious books he

---

[1] Plaintiff is currently incarcerated at the State Correctional Institution at Camp Hill, Pennsylvania.

requested from the Rabbi.

A telephone hearing on said motions was conducted by this Court on July 29, 2014, at which both Plaintiff and Defendant's counsel were present. In addition, Plaintiff's counselor, Ms. Digby, was present and offered testimony regarding Plaintiff's claims. During the hearing, Defendant's counsel and Ms. Digby both explained the procedure at SCI-Camp Hill for obtaining and exchanging boxes of legal materials, as noted in the legal property exemption form Plaintiff was issued on June 18, 2014 (which is attached as Exhibit 1 to Plaintiff's motion at ECF No. 62). Nonetheless, Plaintiff complained that he had received more leeway regarding the exchange of his legal property at other institutions, which, unfortunately for Plaintiff, has no bearing on SCI-Camp Hill's procedures. Ms. Digby also testified that Plaintiff is not under any legal mail restriction and has received all legal mail to which he is entitled. Plaintiff, on the other hand, argued that he has not received any legal mail, although he was not able to identify any particular legal mail that has allegedly been withheld from him. He did, however, identify two religious books that the Rabbi told him were delivered to the "bubble" weeks ago, which he still has not received. The Court instructed Defendant's counsel and Ms. Digby to attempt to locate these books to give to Plaintiff.

### B. Standard of Review

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). Where the requested preliminary injunction "is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir.1980); see also Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994). Indeed, "[m]andatory injunctions should be used sparingly," and only when the status quo is one of action that will inflict irreparable

injury on the movant. United States v. Price, 688 F.2d 204, 212 (3d Cir.1982). A preliminary injunction is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993).

The four factors that must be shown for the issuance of a preliminary injunction are: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the non-moving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticello, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F. 3d 139, 147 (3d Cir. 2010). However, if the record does not at least support a finding of **both** irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." Ortho Biotech Products, L.P. v. Amgen Inc., 2006 WL 3392939 at *5 (D.N.J.) quoting Apollo Tech Corp. v. Centrosphere Indus. Corp., 805 F.Supp. 1157, 1205 (D.N.J. 1992). In fact, irreparable injury is the key: "irreparable injury must be present for a preliminary injunction to issue." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989). See also In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982)("a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction").

### C. Discussion

Here, Plaintiff has failed to meet his burden of showing either immediate irreparable injury or a likelihood of success on the merits. First, none of the issues raised in Plaintiff's motion is relevant to the claim raised in this case. In addition, by his own admission, Plaintiff has not finished grieving any of the issues in accordance with SCI-Camp Hill's administrative procedures and, thus, the issues have not been properly exhausted. For these reasons, Plaintiff

has failed to demonstrate a likelihood of success on the merits. In addition, Plaintiff has failed to show that any of the issues are likely to cause immediate irreparable injury if injunctive relief is not granted. Thus, Plaintiff's motions should be denied.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motions for temporary restraining order and/or preliminary injunction [ECF Nos. 62 and 63] be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date:   July 29, 2014

cc:     The Honorable Joy Flowers Conti
        Chief United States District Judge